The STATE of Ohio, Appellee,

v.

WATSON, Appellant.

[Cite as *State v. Watson,* 154 Ohio App.3d 150, 2003-Ohio-4664.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81755.

Decided Sept. 4, 2003.

William D. Mason, Cuyahoga County Prosecuting Attorney, Michael A. Kenny Jr., Assistant County Prosecuting Attorney, for appellee.

Russell S. Bensing, for appellant.

ANNE L. KILBANE, Presiding Judge.

{¶ 1} This is an appeal from a judgment of conviction entered after a bench trial before Judge Burt W. Griffin. Luster Watson claims that his conviction for robbery through the use or threat of immediate force, as described in R.C. 2911.02(A)(3), is invalid because it is not a lesser included offense of robbery through the attempt, infliction, or threat of physical harm, as described in R.C. 2911.02(A)(2), and that he was indicted only for the latter offense. We affirm.

{¶ 2} On March 11, 2002, then fifty-year-old Watson was arrested after stealing lotion from a Rite Aid pharmacy in Cleveland. He pushed aside a security officer who attempted to stop him as he was leaving the store, although he was chased and caught by other store personnel shortly thereafter. He was indicted on a single count of robbery through the threat, attempt, or infliction of physical harm.[1]

{¶ 3} At trial the security officer testified that Watson did not injure him but lowered his shoulder and "kind of bumped me to get me out of his way." After hearing all of the evidence, the judge found that Watson did not attempt, threaten, or inflict physical harm, and that he could not be convicted of robbery

---

1. R.C. 2911.02(A)(2).

as charged in the indictment. The judge found, however, that robbery through the use of force [2] was a lesser included offense, found Watson guilty of that crime, and sentenced him to four years of community control sanctions.

{¶ 4} Watson contends that theft [3] was the most serious offense for which he could be convicted. R.C. 2911.02(A) states:

{¶ 5} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 6} "(1) Have a deadly weapon on or about the offender's person or under the offender's control;

{¶ 7} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;

{¶ 8} "(3) Use or threaten the immediate use of force against another."

{¶ 9} A violation of division (A)(2) is a second degree felony, while a violation of division (A)(3) is a third degree felony.[4] The state argues that R.C. 2911.02(A)(3) is a lesser included offense of R.C. 2911.02(A)(2) and that Watson's conviction was proper. Even if a defendant is found not guilty of the offense charged in the indictment, R.C. 2945.74 and Crim.R. 31(C) allow conviction for lesser included offenses under the same indictment.[5] To be a lesser included offense of another, a crime must satisfy a three-part test:

{¶ 10} "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." [6]

{¶ 11} The parties agree that robbery through the use or threat of immediate force carries a lesser penalty than robbery through the attempt, infliction, or threat of physical harm, and that the attempt, threat, or infliction of physical harm is not required to commit a robbery by the use or threat of immediate force. Here, the only issue is whether robbery under R.C. 2911.02(A)(2), as statutorily defined, can ever be committed without also committing robbery under

---

2. R.C. 2911.02(A)(3).

3. R.C. 2913.02.

4. R.C. 2911.02(B).

5. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph one of the syllabus.

6. Id. at paragraph three of the syllabus.

R.C. 2911.02(A)(3), as statutorily defined. The focus of the analysis correctly turns on the phrase "as statutorily defined" because lesser-included-offense analysis focuses on the abstract elements of the crimes rather than on the particular facts of any case.[7] This approach is also used in the comparable analysis of whether two crimes are allied offenses of similar import.[8]

{¶ 12} The parties have focused on whether the element of physical harm in R.C. 2911.02(A)(2) can ever be accomplished without the use of force under R.C. 2911.02(A)(3). If this were the only issue, we would agree with the state because "force," as defined in R.C. 2901.01(A)(1), includes "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Under this definition, physical harm cannot be attempted, inflicted, or threatened without also attempting, using, or threatening the use of some type of force.

{¶ 13} R.C. 2911.02(A)(3), however, also requires the use or threat of *immediate force*, and the concept of immediacy is not present in all of the possible formulations of R.C. 2911.02(A)(2). While an attempt or infliction of physical harm during the commission or escape from a theft offense contains the requisite immediacy, a person can threaten physical harm while committing the theft offense even though the threat itself is not immediate. For example, a person could commit robbery by threatening the victim that physical harm will result if he contacts the police. This does not threaten the "immediate use of force" required under R.C. 2911.02(A)(3) and, if our analysis stopped there, we would be forced to determine that robbery defined in R.C. 2911.02(A)(3) is not a lesser included offense of robbery under R.C. 2911.02(A)(2).

{¶ 14} Our analysis cannot stop there, however, because the United States Supreme Court, in *Whalen v. United States*,[9] held that although federal statutes must be analyzed in the abstract to determine whether Congress authorized multiple punishments, the determination must include separate analysis of statutory alternatives where a single offense can be committed in different ways.[10] Using this analysis, the *Whalen* court found that rape was a lesser included offense of a felony murder committed during the course of the rape even though the statute at issue listed several other offenses that could serve as the underlying felony.[11]

---

7.  *State v. Kidder* (1987), 32 Ohio St.3d 279, 282, 513 N.E.2d 311.

8.  *State v. Rance* (1999), 85 Ohio St.3d 632, 636–637, 710 N.E.2d 699.

9.  (1980), 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715.

10. Id., 445 U.S. at 694, 100 S.Ct. 1432, 63 L.Ed.2d 715.

11. Id.

**154**

{¶ 15} The Ohio Supreme Court did not engage in this analysis, however, in *State v. Richey* [12] and *State v. Grant*,[13] both of which held that felony murder and its underlying felony were not allied offenses of similar import because Ohio's aggravated murder statute lists nine separate felonies that can serve as the underlying offense.[14] Moreover, the *Rance* court agreed with *Whalen's* dissenting opinion and adopted it as the law in Ohio, rejecting the United States Supreme Court's analysis of statutory alternatives.[15]

{¶ 16} Multiple punishments for included offenses are constitutionally allowable if a legislature has clearly expressed an intent to allow such punishments.[16] If the legislative intent is not clear, however, multiple punishments are constitutionally impermissible because "the question of what punishments are constitutionally permissible is not different from the questions of what punishments the Legislative Branch intended to be imposed."[17] Therefore, the Ohio Supreme Court's analysis of *Whalen* applies only to issues of state law that do not affect a defendant's rights under the United States Constitution.[18]

{¶ 17} The case at bar concerns federal constitutional rights. The offense stated in the indictment along with the lesser included offenses that can be contained within the charged offense implicates the basic constitutional due process rights to notice of the charged offense.[19] Because lesser-included-offense analysis affects whether Watson received constitutionally proper notice, *Whalen* states a federal due-process standard that must be followed in state courts, regardless of whether that standard is used in multiple-punishment determinations.

{¶ 18} In this case, application of the *Whalen* standard works to Watson's detriment, but failure to apply that standard would give him rights greater than those found in the United States Constitution. While a state, through its legislature or its constitution, can provide due-process rights that go beyond

---

**12.** (1992), 64 Ohio St.3d 353, 595 N.E.2d 915.

**13.** (1993), 67 Ohio St.3d 465, 620 N.E.2d 50.

**14.** *Richey*, 64 Ohio St.3d at 369, 595 N.E.2d 915; *Grant*, 67 Ohio St.3d at 475, 620 N.E.2d 50.

**15.** *Rance*, 85 Ohio St.3d at 636–637, 710 N.E.2d 699.

**16.** Id., 85 Ohio St.3d at 635, 710 N.E.2d 699.

**17.** *Albernaz v. United States* (1981), 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275.

**18.** See, e.g., *Ohio v. Robinette* (1996), 519 U.S. 33, 37, 117 S.Ct. 417, 136 L.Ed.2d 347 (Supreme Court has jurisdiction to review state court decisions that affect federal law).

**19.** *Schmuck v. United States* (1989), 489 U.S. 705, 717–718, 109 S.Ct. 1443, 103 L.Ed.2d 734.

federal guarantees, there is no indication that the Ohio Supreme Court intended to grant defendants such rights. The decisions in *Rance, Richey*, and *Grant* are quite clear on this matter. Although the Ohio Supreme Court could reject *Whalen* for indictment purposes and require express charges on all included offenses, the rejection of *Whalen* by the *Rance, Richey*, and *Grant* decisions indicates an attempt to do the opposite, denying rights to Ohio defendants rather than providing more protection.

{¶ 19} Because this case involves federally guaranteed rights and the Ohio Supreme Court has not indicated any rational intent to grant defendants greater rights than those provided in the United States Constitution, our decision is, therefore, controlled by *Whalen*. We recognize, however, that our decision here threatens conflicting results that harm defendants both ways—in this case Watson is denied relief because he was convicted of a lesser included offense, while *Rance, Richey*, and *Grant* maintain the possibility that, for a single incident, a defendant could be charged, convicted, and punished for robbery under both R.C. 2911.02(A)(2) and R.C. 2911.02(A)(3). While this possibility is troublesome, we have determined that we must follow *Whalen* in lesser-included-offense cases even though the Ohio Supreme Court has not followed the alternative-means approach in allied-offense determinations.

{¶ 20} The offense of robbery under R.C. 2911.02(A)(2) can be completed using any of three alternatives relevant to "physical harm." The defendant may attempt to inflict physical harm, he may actually inflict physical harm, or he may threaten to inflict physical harm. If these alternatives were considered separate elements the state would have to specify which was applicable or prove all three to obtain a conviction in any one case; therefore, the alternatives are more properly considered alternative means of proving a single element, that being a component of physical harm.[20]

{¶ 21} As noted, only the third alternative states a circumstance in which the defendant will not also commit robbery under R.C. 2911.02(A)(3) in every case. Therefore, because the first two alternatives stated in the indictment cannot ever be committed without also committing the offense in R.C. 2911.02(A)(3), that offense is properly charged as a lesser included offense of those choices. As in *Whalen*, this approach does not require analysis of particular facts, but requires a court to distinguish only between alternative means of completing an element of an offense.[21] If one of the charged alternatives includes the lesser offense, that

---

**20.** See *Richardson v. United States* (1999), 526 U.S. 813, 817–818, 119 S.Ct. 1707, 143 L.Ed.2d 985 (discerning means from elements in determining which facts require juror unanimity).

**21.** *Whalen*, 445 U.S. at 694, 100 S.Ct. 1432, 63 L.Ed.2d 715, and fn. 8.

offense is within the scope of the indictment. We overrule the assignment of error.

Judgment affirmed.

DIANE KARPINSKI and TIMOTHY E. MCMONAGLE, JJ., concur.