DECISION.
{¶ 1} Following a jury trial, defendant-appellant Kelvin Willis was convicted of robbery, attempted rape, and kidnapping. The trial court imposed the maximum prison term for each offense and ordered that the terms be served consecutively. Willis now appeals his convictions, arguing that the separate convictions for kidnapping and attempted rape involved allied offenses of similar import under R.C. 2941.25. Accordingly, in his single assignment of error, he maintains that the trial court erred by entering a separate conviction and sentence for kidnapping. Relying on the Ohio Supreme Court's recent decision in Statev. Adams,[1] we sustain Willis's assignment of error and set aside his conviction and sentence for kidnapping.
 {¶ 2} In Adams, the defendant broke into the home of a mother and her 12-year-old daughter. The defendant killed the mother and then raped and strangled the daughter in her bedroom. The Ohio Supreme Court set aside the defendant's conviction for kidnapping, holding that the separate convictions for kidnapping and rape involved allied offenses of similar import.[2] The court noted that there was no separate animus for the kidnapping because there was no evidence in the record that the defendant "had moved the daughter to or from the bedroom where she was killed or that he tied her up or restrained her in any way other than what was necessary to rape and kill her."[3]
 {¶ 3} In determining there was no separate animus for the kidnapping, the Adams court relied on State v. Logan,[4] which set forth guidelines for how to determine whether kidnapping and rape are committed with a separate animus.
 {¶ 4} In Logan, the court held that the determinative issue is whether "the restraint or movement of the victim is merely incidental to a separate underlying crime or, instead, whether it has a significance independent of the other offense."[5] In the former case, there exists no separate animus sufficient to sustain separate convictions. Prolonged restraint, secretive confinement, or substantial movement of the victim are factors that establish a separate animus for kidnapping.[6]
 {¶ 5} In Logan, the court held that there was no separate animus for kidnapping where, after the victim refused to accept some pills, the "defendant produced a knife, held it to her throat, and forced her into an alley. Under such duress, she accompanied him down the alley, around a corner, and down a flight of stairs, where he raped her at knifepoint."[7]
 {¶ 6} We recognize that the Adams court did not mention or rely onState v. Rance[8] in its allied-offense analysis. It appears that the Ohio Supreme Court is retreating from Rance's strict comparison-of-the-statutory-elements test to determine when kidnapping and rape are allied offenses of similar import.[9] Under these circumstances, we choose to follow the court's lead and to simply examine whether there was a separate animus for the kidnapping conviction in the case sub judice.[10]
 {¶ 7} Here, the facts in the record demonstrate that Willis attempted to rape the victim as she was walking home late in the evening. He took her purse, told her that he wanted to have sex with her, and then pushed her down on a "grassy area" by the street. He then attempted to rape her, but passing cars were bothersome so he grabbed her by the arm and led her away from the street, near some train tracks with dense trees and bushes. As Willis attempted to drag the victim into the bushes, he slipped and fell, and the victim escaped. There is nothing in the record to demonstrate the length of time that Willis restrained the victim. But the victim did testify that the dense bushes were approximately ten feet away from the sidewalk where Willis had first stopped her.
 {¶ 8} Upon reviewing the record, we hold that there was no evidence presented to establish a separate animus for kidnapping. Similar toAdams, the state here did not present any evidence that the victim was moved or restrained any more than was necessary to attempt to rape her. There is nothing in the record indicating that there was any substantial movement of the victim from the street where Willis encountered her or any prolonged restraint.
 {¶ 9} The state argues that there was a separate animus for the kidnapping because Willis attempted to rape the victim by the street and then, upon noticing the passing cars, dragged her to a more "secluded" area. But while Willis was attempting to move the victim to a more private area, he was merely doing so to rape her. The victim testified that after he had dragged her over to the bushes, he told her to get underneath them because he wanted to have sex with her. Because Willis's act of dragging the victim closer to the trees did not substantially increase her risk of harm separate and apart from the attempted rape, no separate animus existed for the kidnapping.[11] Willis's single assignment of error is sustained.
 {¶ 10} In sum, we hold that the evidence was insufficient, underAdams and Logan, to establish the separate animus required to separately convict Willis for kidnapping the victim. Accordingly, the conviction for kidnapping is reversed and the sentence imposed for kidnapping is set aside. The trial court's judgment is affirmed in all remaining respects.
Judgment affirmed in part and reversed in part.
Doan, P.J., and Painter, J., concur.
[1] 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29.
[2] Id. at ¶ 94.
[3] Id. at ¶ 93.
[4] (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345.
[5] Id. at 135.
[6] Id. at subparagraph (a) of the syllabus.
[7] Id. at 127.
[8] 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.
[9] See, also, State v. Foust, 105 Ohio St.3d 137, 2004-Ohio-7006,823 N.E.2d 836, at ¶¶ 140-141.
[10] See In re Rashid (Sept. 16, 2005), 1st Dist. Nos. C-040734, C-040735 and C-040736.
[11] Id. at subparagaraph (b) of the syllabus (where the asportation or restraint "subjects the victim to a substantial increase in risk of harm separate and apart" from the underlying crime, there exists a separate animus for kidnapping).