OPINION
{¶ 1} Defendant-appellant John Smith appeals his sentence from the Morrow County Court of Common Pleas on one count each of rape and kidnapping. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 18, 2001, the Morrow County Grand Jury indicted appellant on one count of rape in violation of R.C.2907.02(A)(2), a felony of the first degree, and one count of kidnapping in violation of R.C. 2905.01(A)(4), also a felony of the first degree. Each charge included a sexually violent predator and repeat violent offender specification. The kidnapping charge included a sexual motivation specification.[1]
 {¶ 3} Subsequently, a jury trial commenced on October 29, 2001. The following testimony was adduced at trial.
 {¶ 4} Appellant's relationship with Tonya Kline, the victim, ended in June, 2001. Subsequently, Ms. Kline called the Mt. Gilead police on at least four occasions to file reports against appellant for the following: appellant attacked her lawn mower with a baseball bat, cut her telephone lines; appellant left threatening and annoying telephone messages on the victim's answering machine; appellant flattened the tires on Ms. Kline's boyfriend's car; and appellant broke into Ms. Kline's apartment and slashed her waterbed mattress, killed her son's goldfish and stole a number of items including her address book, wallet, checkbook, jewelry and clothing.
 {¶ 5} On July 24, 2001, appellant called Ms. Kline and told her to meet him at the Mount Gilead State Park. Appellant promised her that he would return her property to her if she met with him and agreed to drop the charges she had filed against him. Appellant warned Ms. Kline not to involve the police. Ms. Kline testified that when she arrived at the park at approximately 7:00 p.m. on July 24, 2001, appellant threatened her at knifepoint and led her into a wooded area where appellant held her captive for approximately two hours. Ms Kline testified that appellant then forced her to remove her clothing, bound her wrists with duct tape and subjected her to forced vaginal intercourse and fellatio. Appellant took several photographs supporting the occurrence of fellatio as well as other sexual activity. Upon releasing Ms. Kline, appellant threatened to publish the photographs if she involved the police.
 {¶ 6} Based on the above, appellant was arrested. Appellant first denied seeing Ms. Kline or being in the park on the night in question. However, appellant then changed his story and admitted to meeting Ms. Kline in the park, but maintained that the sexual conduct was consensual. Appellant again changed his story, stating that Ms. Kline did not want to perform oral sex on him but that once he forced her, she consented. The story changed once again to Ms. Kline wanting initially to perform oral sex but then stopping, which caused appellant to force her to engage in vaginal intercourse with him. After three or four minutes, appellant stated, he no longer had to force her because she "got into it".
 {¶ 7} The police took appellant to the park where he led them to the scene of the foregoing events. The officer's found a piece of duct tape at the scene. Appellant also gave the police the photographs and the vibrator used in the incident.
 {¶ 8} At the conclusion of the evidence and the end of deliberations, the jury, on October 30, 2001, found appellant guilty on each count contained in the indictment. On November 29, 2001, the specifications were tried to the trial court. The trial court found appellant guilty of all of the specifications contained in the indictment. As memorialized in a Judgment Entry filed on December 6, 2001, the trial court sentenced appellant to concurrent indefinite sentences of seven years to life. Appellant was also found to be a sexual predator.
 {¶ 9} Appellant appealed his conviction and sentence. Pursuant to an Opinion filed on June 19, 2003 in State v. Smith,
Morrow App. No. CA-957, 2003-Ohio-3416, this Court held that the trial court did not have sufficient evidence to support a conviction on the sexually violent predator specification. On such basis, we remanded the matter to the trial court for a new sentencing hearing.
 {¶ 10} Appellant then appealed to the Ohio Supreme Court. As memorialized in a decision filed on December 8, 2004 in State v.Smith, 104 Ohio St.3d 106, 818 N.E.2d 283, 2004-Ohio-6238, the Ohio Supreme Court affirmed the judgment of this Court and remanded the matter for a new sentencing hearing.
 {¶ 11} A resentencing hearing was held before the trial court on April 15, 2005. Pursuant to a Judgment Entry filed on April 28, 2005, the trial court sentenced appellant to ten (10) years in prison for rape and to nine (9) years in prison for kidnapping. The trial court, in its entry, ordered that the two sentences be served consecutively, for an aggregate prison sentence of nineteen (19) years. The trial court, in its entry, further found that rape and kidnapping are not allied offenses of similar import.
 {¶ 12} Appellant now raises the following assignments of error on appeal:
 {¶ 13} "I: THE TRIAL COURT ERRED BY IMPOSING MULTIPLE CONSECUTIVE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT.
 {¶ 14} "II: THE TRIAL COURT ERRED WHEN IT IMPOSED MAXIMUM, CONSECUTIVE SENTENCES. FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16, OHIO CONSTITUTION.
 {¶ 15} "III: THE TRIAL COURT ERRED BY SENTENCING JOHN SMITH TO A MAXIMUM, CONSECUTIVE PRISON TERMS BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY SMITH, IN CONTRAVENTION OF HIS RIGHTS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. BLAKELY V. WASHINGTON (2004), 542 U.S. ___, 124 S.CT. 2531, 159 L.ED.2D."
 I {¶ 16} Appellant, in his first assignment of error, argues that the trial court erred in failing to merge the sentences for rape and kidnapping since the two are allied offenses of similar import. We disagree.
 {¶ 17} R.C 2941.25, Multiple counts states:
 {¶ 18} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 19} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 20} This Court previously addressed this issue in Statev. Driver (Oct. 23, 2000), Stark App. No. 1999CA00290,2000 WL 1591086 at 7, and stated as follows:
 {¶ 21} "Recently, the Ohio Supreme Court has clarified the test to be applied when reviewing claims involving allied offenses of similar import. Under the analysis of State v.Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, a reviewing court is to compare the elements of the offenses in the abstract. If the elements correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639,710 N.E.2d 699 (citing State v. Jones (1997), 78 Ohio St.3d 12, 14,676 N.E.2d 80). This issue is whether `the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other."' If the elements do not so correspond, the crimes are not allied offenses of similar import. * * * As charged in the indictment, rape, pursuant to R.C. 2907.02, required proof that appellant engaged in sexual conduct with the victim having purposely compelled the victim to submit by force or threat of force. Kidnapping, (sic) under R.C.2905.01, required proof that appellant did, by force, threat or deception, remove the victim from the place where she was found or did restrain the victim from her liberty, with purpose to facilitate the commission of a felony or flight thereafter, and/or terrorize or inflict serious physical harm on the victim and/or engage in sexual activity, as defined by R.C. 2907.01, with the victim against her will. By comparing the elements of rape, one can see that the crime of kidnapping (sic) can be committed without committing the offense of rape, and vice verse. Each contains at least one element not contained in the other. Therefore, we find that the offenses are not allied offenses." See also State v. Keeton, Richland App. No 03CA43,2004-Ohio-3676 in which this Court cited Driver, supra in holding that kidnapping and rape are not allied offenses of similar import.
 {¶ 22} We are cognizant of the fact that the Ohio Supreme Court recently, in State v. Adams, 103 Ohio St.3d 508, 526,817 N.E.2d 29, 2004-Ohio-5845, disregarded the Rance test and applied the test set forth in State v. Logan in holding that kidnapping and rape were not allied offenses of similar import.[2] In State v. Logan (1979), 60 Ohio St.2d 126,397 N.E.2d 1345, which was decided before Rance, the Ohio Supreme Court had established guidelines to determine whether kidnapping and rape are committed with a separate animus so as to permit separate punishment under R.C. 2941.25(B). The Ohio Supreme Court, in Logan, held that "[w]here the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions." Id. at paragraph (a) of the syllabus. The court, in Logan, recognized that where the asportation or restraint "subjects the victim to a substantial increase in risk of harm separate and apart from * * * the underlying crime, there exists a separate animus." Id. at paragraph (b) of the syllabus.
 {¶ 23} However, even applying the test set forth in Logan,
we find that the trial court did not err in failing to merge the offenses of rape and kidnapping. We find that the rape and kidnapping were committed with a separate animus and that the kidnapping was not incidental to the rape. As is stated above, appellant did not immediately rape the victim after kidnapping her. Rather, he threatened her and held her captive for a approximately two hours during which he bound her with duct tape and photographed her. Contrary to appellant's assertion, appellant's restraint of the victim was not incidental to committing the offense of rape.
 {¶ 24} Based on the foregoing, we find that the trial court did not err in failing to merge the offenses of rape and kidnapping.
 {¶ 25} Appellant's first assignment of error is, therefore, overruled.
 III {¶ 26} Appellant, in his third assignment of error, argues that the trial court erred in sentencing him to a maximum, consecutive prison term based on facts not found by a jury or admitted by appellant in contravention of Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 27} In State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856, the Ohio Supreme Court found R.C. 2929.14(C), which governs maximum sentences, and R.C. 2929.14(E)(4), which governs consecutive sentences, unconstitutional. Id., at syllabus no. 1 and 3, respectively. The Foster Court determined that sentences based on unconstitutional statutes are void and the appropriate disposition is to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Id. at paragraph 103.
 {¶ 28} Based upon Foster, we sustain appellant's third assignment of error.
 II {¶ 29} Appellant, in his second assignment of error, argues that the trial court erred in imposing maximum, consecutive sentences. Appellant notes that while, at his original sentencing hearing, the trial court found that the harm to the victim was insufficient to support the imposition of consecutive sentences, upon remand, the trial court "imposed the consecutive sentences because it found that the harm was so great or unusual that a single term would not adequately reflect the seriousness of [appellant's] conduct."
 {¶ 30} However, based upon our disposition of appellant's third assignment of error, appellant's second assignment of error is moot.
 {¶ 31} Accordingly, the judgment of the Morrow County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for a resentencing hearing in accordance with Foster, supra.
Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for a resentencing hearing in accordance withFoster, supra. Costs assessed to appellant.
[1] The repeat violent offender specifications were later dismissed.
[2] As noted by Judge Painter in his concurrence in State v.Foster, Hamilton App. No. C-050378, 2006-Ohio-1567, the Ohio Supreme Court has, over the years, retreated from the Rance
test and then later applied such test again.