OPINION
{¶ 1} On December 22, 2005, the Delaware County Grand Jury indicted appellant, Richard Snyder, on one count of aggravated robbery in violation of R.C. 2911.01 and one count of robbery in violation of R.C.2911.02. Each count contained firearm specifications. Said charges arose from an incident wherein appellant forcibly entered a bar, Stop 42, and while committing a theft offense, encountered the bar's owner, Russell Palmer. Mr. Palmer stated appellant threatened him.
 {¶ 2} A jury trial commenced on April 18, 2006. The jury found appellant not guilty of the aggravated robbery count and both firearm specifications, but guilty on the robbery charge. By judgment entry filed June 8, 2006, the trial court sentenced appellant to two years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "IT WAS ERROR FOR THE TRIAL COURT TO DENY THE DEFENDANT HIS CONSTITUTIONAL RIGHT TO RECEIVE NOTICE OF THE CHARGES AGAINST *Page 3 
HIM BY FAILING TO INSTRUCT THE JURY ON THE LESSER-INCLUDED OFFENSE OF THEFT."
 II {¶ 5} "THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE TRIAL COUNSEL FAILED TO REQUEST A JURY INSTRUCTION ON THE LESSER-INCLUDED OFFENSE OF THEFT."
 I {¶ 6} Appellant claims the trial court erred in failing to charge the jury on the lesser included offense of theft. We disagree.
 {¶ 7} Crim.R. 30 governs instructions. Subsection (A) states the following:
 {¶ 8} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 {¶ 9} No objection was made to the jury charge. T. at 243.
 {¶ 10} Assignment of Error I is denied.
 II {¶ 11} Appellant claims his trial counsel was ineffective for failing to request a jury charge on theft as the lesser included offense of aggravated robbery and robbery. We disagree. *Page 4 
 {¶ 12} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 13} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 14} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 15} We note this court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987),32 Ohio St.3d 380, 388.
 {¶ 16} The first determination is whether defense counsel's performance was deficient and as such, the act or omission of defense counsel must be judged on the reasonableness of conduct based upon the facts of the case. As this is applied to the facts sub judice, we find defense counsel was not deficient in failing to request a jury charge on theft as the lesser included offense of aggravated robbery and robbery.
 {¶ 17} In State v. Carter, 89 Ohio St.3d 593, 601, 2000-Ohio-172, the Supreme Court of Ohio clearly stated, "theft is not a lesser-included offense of aggravated *Page 5 
robbery" The Carter court at 600 cited the factors in State v. Deem
(1988), 40 Ohio St.3d 205, paragraph three of the syllabus, which states the following:
 {¶ 18} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 19} The Carter court at 601 then examined the elements of aggravated robbery and theft and held the following:
 {¶ 20} "Theft carries a lesser penalty than aggravated robbery. Further, one element of aggravated robbery, R.C. 2911.01(A)(1), having a deadly weapon on or about the accused's person or under his or her control, is not required to prove theft. Thus, the first and third elements of the Deem test are clearly satisfied.
 {¶ 21} "The issue becomes whether aggravated robbery, as statutorily defined above, can ever be committed without theft, as statutorily defined above, also being committed. We answer that question in the affirmative because aggravated robbery can be committed in the course of an `attempted theft.' R.C. 2913.02; 2923.02. Theft requires the accused to actually obtain or exert control over the property or services of another; attempted theft does not."
 {¶ 22} In State v. Gadsden (November 14, 1994), Stark App. No. CA 9555, this writer agreed trial courts should analyze the lesser included offense issue in light of the facts of the case. The Carter case clearly determined differently. Given the facts sub *Page 6 
judice, this writer would once again urge that the reasoning inWhalen v. United States (1980), 445 U.S. 684, should be applied:
 {¶ 23} "[T]he United States Supreme Court, in Whalen v. UnitedStates,* * * held that although federal statutes must be analyzed in the abstract to determine whether Congress authorized multiple punishments, the determination must include separate analysis of statutory alternatives where a single offense can be committed in different ways."State v. Watson, 154 Ohio App.3d 150, 153, 2003-Ohio-4664. (Footnote omitted.)
 {¶ 24} The Supreme Court of Ohio has also acknowledged theWhalen analysis in State v. Zima, 102 Ohio St.3d. 61, 2004-Ohio-1807, ¶ 41:
 {¶ 25} "Applying this analysis, it is clear that driving under the influence is necessarily a lesser included offense of aggravated vehicular assault under R.C. 2903.08(A)(1), which proscribes causing serious physical harm to another as a proximate result of driving under the influence. By definition, a lesser included offense contains no element of proof beyond that required for the greater offense."
 {¶ 26} Despite these cases, we cannot find that defense counsel was deficient when faced with the Carter decision and the philosophy of stare decisis. Further, it is also apparent it was appellant's position during trial that he entered the Stop 42 bar to take money from the machines. T. at 205-206. Appellant denied threatening anyone and claimed there was no confrontation with the victim, Russell Palmer. T. at 208. Mr. Palmer testified appellant had threatened him. T. at 156.
 {¶ 27} Appellant's defense was that he broke in and stole (T. at 36), but he never threatened Mr. Palmer: *Page 7 
 {¶ 28} "I think when you look at this whole event, you can only come to one conclusion, and that is insufficient proof has been shown for you to find for proof beyond a reasonable doubt that Mr. Snyder had in his possession an actual working firearm; that he threatened to use it on Mr. Palmer and that he threatened physical harm to Mr. Palmer. I'm not up here denying that my client broke in the bar and stole; I'm not denying that that was wrong. However, I'm saying what he is charged with, what this case is about, you cannot find proof beyond a reasonable doubt." T. at 253-254.
 {¶ 29} If defense counsel had convinced the jury that the state's witnesses were not credible on the issues, the jury as charged would have entered a finding of not guilty on the aggravated robbery and robbery counts; thereby, appellant would be free. The addition of an alternative theft offense, given the facts presented, would have ensured a conviction.
 {¶ 30} Upon review, we find defense counsel was not deficient, and under a reasonable trial strategy, the trial could have resulted in an acquittal.
 {¶ 31} Assignment of Error II is denied.
 {¶ 32} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J. and Hoffman, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
 *Page 1