DECISION *Page 2 
{¶ 1} Defendant-appellant Joseph Young appeals his sentence imposing multiple prison terms for robbery[1] and receiving stolen property.[2] Young's assignments of error are (1) that the trial court erred in imposing multiple prison terms when robbery and receiving stolen property are allied offenses of similar import, and the crimes were not committed separately or with a separate animus; and (2) that he was denied the effective assistance of counsel because his attorney did not raise the issue of allied offenses. But robbery and receiving stolen property are not allied offenses of similar import; and consequently counsel was not ineffective by not raising the issue. Young's assignments of error are meritless, and we affirm.
 I. The Road Trip {¶ 2} In January 2006, Young, his girlfriend, Jessica Dunlevy, and Kenneth McCloud drove Jessica's mother's car from Cincinnati to Dayton to pick up Young's brother James. On arriving in Dayton, the trio discovered that James was accompanied by his friend "Black." Young, Jessica, Kenneth, James, and Black went to a park, spent time on James's porch, and walked around Dayton. When it was time to leave, Young and Jessica squabbled over who would drive home. Young won. He got into the driver's seat, and as Jessica began to move towards the passenger side, Black hit her in the head with a rock and she fell. Black then began to "hit her and beat her up." Young and Kenneth sped off without Black, electing to drive back to Cincinnati in Jessica's mother's car. And without Jessica.
 {¶ 3} The police retrieved the vehicle from Young's apartment several days later. Young never attempted to return the vehicle. *Page 3 
 I. Post-Rance Sentencing {¶ 4} Young challenges the trial court's separate sentences for robbery and receiving stolen property, arguing that the crimes are allied offense of similar import.
 {¶ 5} State v. Ranee[3] is the law that we must apply. UnderRanee, the court must first determine whether the statutorily defined elements of each offense, compared in the abstract, "`correspond to such a degree that the commission of one crime will result in commission of the other.'"[4] "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends-the multiple convictions are permitted. "[5] But if the elements do correspond, the court must decide whether the crimes were committed separately or with a separate animus.[6] If the crimes were committed separately or with a separate animus, then the defendant may be convicted and sentenced for both offenses, but if not, then the defendant cannot be convicted for both offenses.[7]
 {¶ 6} While Ranee has been questioned, distinguished, and criticized as repealing the Double Jeopardy Clauses of the Ohio and the United States Constitutions,[8] we are mandated to follow it until the Ohio Supreme Court overrules it, or until the issue goes to the United States Supreme Court.
 {¶ 7} Robbery is (1) actual physical harm, or an attempt of or threat of physical harm, (2) occurring during the commission or attempted commission of a theft offense.[9] *Page 4 
Receiving stolen property entails (1) receiving, retaining, or disposing of property of another (2) when the defendant knows or has reasonable cause to believe that the property has been obtained through the commission of a theft offense.[10]
 {¶ 8} Receiving stolen property necessarily requires a completed theft offenseor else there would be no property to receive-but a robbery offense can be committed even when there is only threatened harm during an attempted theft offense. The completion of a theft as part of a robbery offense is what makes the added offense of receiving stolen property a hard pill to swallow. That is why analyzing the elements "in the abstract" is wrong-crimes happen in the real world, not in a judicial abstract. But under Rance, robbery and receiving stolen property are not allied offenses of similar import because a defendant may be guilty of robbery for an attempted theft offense when physical harm was threatened, but the attempt would be insufficient to sustain a conviction for receiving stolen property-the commission of one does not necessarily entail the commission of the other. Moreover, robbery requires an additional physical-harm element not present for a receiving-stolen-property offense.
 {¶ 9} Under these facts, this result is anomalous, but we are constrained to follow Rance in analyzing the elements in the abstract.[11] The trial court therefore could impose separate sentences. The first assignment of error is overruled-and the issue of whether counsel was ineffective is moot. We affirm the trial court's judgment.
Judgment affirmed.
HILDEBRANDT, J., concurs.
DINKELACKER, J., concurs in judgment only.
[1] R.C. 2911.02(A)(3).
[2] R.C. 2913.51(A).
[3] 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.
[4] Id. at 636, quoting State v. Blankenship (1988),38 Ohio St.3d 116, 117, 526 N.E.2d 816.
[5] Id.
[6] Id.
[7] Id. at 638-639.
[8] State v. Smith, 5th Dist. No. 05-CA-0007,2006-Ohio-5276; State v. Willis, 1st Dist. No. C-040588,2005-Ohio-5001; State v. McGhee, 4th Dist. No. 04CA15,2005-Ohio-1585, fn. 1; State v. Watson, 154 Ohio App.3d 150,2003-Ohio-4664, 796 N.E.2d 578; State v. Crotts, 8th
Dist. No. 81477, 2003-Ohio-2473, reversed on other grounds in104 Ohio St.3d 432, 2004-Ohio-6550, 820 N.E.2d 302; State v. Cox, 4th Dist. No. 02CA751, 2003-Ohio-1935; State v.Gresham, 8th Dist. No. 81250, 2003-Ohio-744 (Kilbane, J., concurring in judgment only); State v. Shinn (June 14, 2000), 4th Dist. Nos. 99CA29 and 99CA35; State v. Coleman, 3rd Dist. No. 1-99-53, 1999-Ohio-930.
[9] See R.C. 2911.02(A)(3).
[10] See R.C. 2913.51(A).
[11] See, also, State v. Hundley, 1st Dist. No. C-060374, 2007-Ohio-3556; State v. Payne, 1st Dist. No. C-060437, 2007-Ohio-3310. *Page 1