The STATE of Ohio, Appellee,

v.

JONES, Appellant.

[Cite as *State v. Jones*, 193 Ohio App.3d 400, 2011-Ohio-1717.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010-04-081.

Decided April 11, 2011.

402

Michael T. Gmoser, Butler County Prosecuting Attorney, and Lina N. Alkamhawi, Assistant Prosecuting Attorney, for appellee.

Daniel J. Hurr, for appellant.

RINGLAND, Judge.

{¶ 1} Defendant-appellant, Charles Wesley Jones, appeals his conviction and sentence in the Butler County Court of Common Pleas for robbery in violation of R.C. 2911.02(A)(2). The charges arose from allegations that appellant stole $10 from Darren Davis during the early morning hours of November 4, 2009.

{¶ 2} On March 10 and 11, 2010, appellant was tried by a jury. Darren Davis, the state's key witness, testified that while he was taking trash into an alley behind his home, a man approached Davis from behind, placed his forearm around Davis's neck, and pulled him close. Davis testified that he then felt a "pointy object" in his lower back and that the man stated, "Don't move or else I'll shoot you." While restraining Davis, the man reached into Davis's pocket and removed a $10 bill. At that time, the man told Davis not to look back, or else he would be shot. As a result of this encounter, Davis called the Middletown Police Department to report an armed robbery.

{¶ 3} Officers Tim Meehan and Justin Camper were the first to respond to Davis's report. Camper testified that Davis appeared "extremely shaken up" and was hesitant to come outside until he realized that Camper was a police officer. Meehan, a tracking-dog handler, began tracking the suspect's scent from the alley where the alleged robbery had occurred. At trial, Meehan explained that his canine immediately picked up a fresh scent in the alley and led him directly to appellant, who had already been apprehended by another responding police officer. Subsequently, the officers brought Davis to appellant's location, where Davis positively identified appellant as the man who had robbed him. As a result, the officers arrested appellant, searched him, and discovered a $10 bill in his pocket.

{¶ 4} During trial, appellant testified on his own behalf and denied having a gun or robbing Davis. Instead, appellant explained that he was walking in the neighborhood when Davis approached appellant in his vehicle. Appellant testified that he had entered Davis's vehicle, at which time Davis inquired where he could obtain crack cocaine in the area. After telling Davis that he could obtain the drugs, Davis gave appellant $10 and stated that if the "dope was good, * * * he'd spend more money." Upon exiting Davis's vehicle, appellant proceeded to a nearby house to purchase the drugs. Appellant testified that when he exited the house 15 to 25 minutes later, he was apprehended by police for reasons unknown to him at the time.

{¶ 5} At the close of all evidence, the trial court instructed the jury regarding the elements of robbery. However, while appellant was indicted for robbery under R.C. 2911.02(A)(2), the trial court instructed the jury regarding the elements of robbery under R.C. 2911.02(A)(3), a third-degree felony not listed in the indictment. Following deliberations, the jury returned a verdict form stating: "We, the jury, being duly impaneled, find the defendant * * * guilty of robbery, a felony of the *second* degree, as charged in count one of the indictment." (Emphasis added.) As a result, appellant was sentenced to serve five years in prison and three years of mandatory postrelease control.

{¶ 6} Appellant now appeals his conviction and sentence, raising three assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} "The trial court committed plain error under Criminal Rule 52(B) in providing an improper jury instruction for a lesser felony level than defendant/appellant had been indicted."

{¶ 9} In his first assignment of error, appellant argues that the trial court erred in instructing the jury on the elements of robbery under R.C. 2911.02(A)(3), a third-degree felony, when appellant was indicted for robbery under R.C.

2911.02(A)(2), a second-degree felony. The difference between the two subsections is that under R.C. 2911.02(A)(2), appellant must have either threatened to inflict, attempted to inflict, or actually inflicted physical harm on the victim, whereas, under R.C. 2911.02(A)(3), appellant must only have used or threatened the immediate use of force against the victim. See *State v. Keeling*, Hamilton App. No. C–010610, 2002-Ohio-3299, 2002 WL 1393615, ¶ 30.

{¶ 10} The record indicates that upon reviewing the evidence, the trial court found insufficient evidence to support a conviction under R.C. 2911.02(A)(2), but sufficient evidence of the lesser included charge under R.C. 2911.02(A)(3) to submit the case to the jury on the lesser included offense. Accordingly, the trial court properly instructed the jury to reflect a change in appellant's charge from R.C. 2911.02(A)(2) to the lesser included offense under subsection (A)(3).

{¶ 11} Moreover, the record reveals that the parties understood the trial court's decision to proceed under R.C. 2911.02(A)(3) rather than subsection (A)(2). This understanding was first implicitly reflected when the parties accepted, without objection, the court's proposed jury instructions that included only the elements of R.C. 2911.02(A)(3). This understanding was further reflected during closing arguments, when, without objection from the defense, the state argued the elements of R.C. 2911.02(A)(3) as follows:

{¶ 12} "[THE STATE]: the evidence also shows that while committing the offense of theft or attempting to commit the offense of theft, the defendant used and threatened the immediate use of force against [Davis.] The defendant used force when he grabbed [Davis] and held him. The defendant used force while he reached into [Davis's] pocket and took his money. The defendant threatened the immediate use of force while doing this. Give me your money or I will shoot you. [Davis] told us he believed it. [Davis] told us there was something stuck in my back, accompanied by these words. I'll shoot you. It doesn't matter if a gun wasn't found. What matters is Mr. Davis believed that threat that [the defendant] gave to him."

{¶ 13} Under these circumstances, the trial court properly instructed the jury regarding the elements of R.C. 2911.02(A)(3), as follows: "Before you can find the Defendant guilty, you must find beyond a reasonable doubt that * * * while committing or attempting to commit a theft offense, or in fleeing immediately after the attempt or offense, *did use or threaten the immediate use of force* against Darren Davis. * * * *Force* means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." (Emphasis added.)

{¶ 14} If any doubt remained as to the specific charges appellant faced, it was eliminated during a bench conference following the jury instructions, when the

court denied defense counsel's request to instruct the jury on the offense of petty theft by threat. In so holding, the trial court stated:

{¶ 15} "THE COURT: Well * * * the State of Ohio's position is this is a threat *by immediate use of force.*

{¶ 16} "[THE STATE]: Correct.

{¶ 17} "THE COURT: Is that [the State's] position?

{¶ 18} "[THE STATE]: Yes." (Emphasis added.)

{¶ 19} In sum, the record reveals a collective understanding of the trial court's decision to acquit appellant of second-degree robbery under R.C. 2911.02(A)(2) and to proceed under subsection (A)(3) as a lesser included offense. Because we find that robbery through the use or threatened use of immediate force under R.C. 2911.02(A)(3) is a lesser included offense of robbery under R.C. 2911.02(A)(2), we are in no position to interfere with the court's decision on these grounds. See *State v. Watson,* 154 Ohio App.3d 150, 2003-Ohio-4664, 796 N.E.2d 578; *State v. Scott,* Butler App. No. CA2008–06–149, 2009-Ohio-1450, 2009 WL 806759, ¶ 7.

■ {¶ 20} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *State v. Deem* (1988) 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus.

{¶ 21} As previously discussed, a violation of R.C. 2911.02(A)(2) is a second-degree felony, carrying with it a greater penalty than a violation of R.C. 2911.02(A)(3), a third-degree felony. See *Watson,* 154 Ohio App.3d 150, 2003-Ohio-4664, 796 N.E.2d 578, at ¶ 11. Pursuant to the facts of this case, we further find that R.C. 2911.02(A)(2) cannot have been committed without also committing the offense in R.C. 2911.02(A)(3), when appellant placed Davis in a chokehold, held him in that position and pulled him back, implicating an attempt to inflict physical harm. Id. at ¶ 20. Accordingly, the trial court's jury instructions were a proper reflection of appellant's Crim.R. 29 acquittal and the subsequent change in appellant's charge. See R.C. 2945.74.

■ {¶ 22} Despite the updated charge and resulting jury instructions, the trial court filed an entry the following week that sentenced appellant for "a violation of Revised Code Section 2911.02(A)(2) a second degree felony." However, when the trial court submitted to the jury the lesser included offense under R.C. 2911.02(A)(3), a third-degree felony, and the jury rendered its verdict based upon the instructions it received, it is clear that the court mistakenly sentenced

appellant for a second-degree felony. Because the evidence is sufficient to support appellant's conviction under R.C. 2911.02(A)(3), it is necessary to remand this cause for resentencing in accordance therewith.

{¶ 23} Accordingly, appellant's first assignment of error is sustained to the extent indicated.

{¶ 24} Assignment of Error No. 2:

{¶ 25} "The trial court erred in refusing defendant's request for a jury instruction for the lesser-included offense of theft."

{¶ 26} In his second assignment of error, appellant argues that the trial court erroneously denied his motion to instruct the jury on the lesser included offense of petty theft by threat.

{¶ 27} "Even though an offense may be a lesser included offense, a charge on the lesser offense is required 'only where the evidence presented at trial would reasonably support both an acquittal of the crime charged and a conviction upon the lesser included offense.'" *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 192, quoting *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus. "The trial court must view the evidence in the light most favorable to the defendant when deciding whether to instruct the jury on a lesser included offense." *Trimble* at ¶ 192. Moreover, an instruction on the lesser included offense is not warranted every time "some evidence" is presented to support the lesser offense. Id.; *State v. Shane* (1992), 63 Ohio St.3d 630, 632, 590 N.E.2d 272. Instead, a court must find "sufficient evidence" to "'allow a jury to *reasonably* reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense.'" (Emphasis sic.) *Trimble* at ¶ 192, quoting *Shane* at 632–633.

{¶ 28} R.C. 2913.02(A)(4), which proscribes theft by threat, states: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]y threat." As previously discussed, appellant was indicted for robbery in violation of R.C. 2911.02(A)(2), but the jury was instructed on elements relating to robbery under R.C. 2911.02(A)(3).

{¶ 29} The state does not contest that theft by threat is a lesser included offense of robbery. See *State v. Davis* (1983), 6 Ohio St.3d 91, 95, 6 OBR 131, 451 N.E.2d 772. "The difference between theft by threat and robbery is the relative graveness of the threat." *State v. Gloss*, Stark App. No.2009 CA 00213, 2010-Ohio-4059, 2010 WL 3377784, ¶ 47. The threat associated with theft by threat is of a lesser nature than the threat associated with robbery, and consists only of the threat of "disagreeable consequences." Id.; *Davis* at 95–96.

{¶ 30} As previously discussed, there was testimony that appellant placed Davis in a chokehold and threatened to shoot him, which led Davis to believe that appellant had a gun. That testimony dealt solely with inflicting physical harm or the use of immediate force. There was no evidence of any other type of threat. Based upon the evidence presented, no reasonable jury could have both rejected a finding of guilty on the charged crime and returned a verdict of guilty on the lesser included offense of theft by threat. See *Shane,* 63 Ohio St.3d at 633, 590 N.E.2d 272.

{¶ 31} Accordingly, appellant's second assignment of error is overruled.

{¶ 32} Assignment of Error No. 3:

{¶ 33} "Appellant was denied effective assistance of counsel in violtion [sic] of Article I, Section 10 of the Ohio Constitution and the Sixth Amendment of the United States Constitution."

{¶ 34} In his third assignment of error, appellant argues that he was denied the effective assistance of counsel during various stages of the proceedings.

{¶ 35} To establish ineffective assistance of counsel, appellant must show that his trial attorney's performance was both deficient and prejudicial. *State v. Bradley* (1989), 42 Ohio St.3d 136, 141–142, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. Appellant must first show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington* (1984), 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674. Second, appellant must show "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at 143. Appellant bears the burden of establishing both prongs before a reviewing court will deem trial counsel's performance ineffective. *Strickland* at 687.

{¶ 36} For the reasons previously given in finding error in appellant's sentence, we are also compelled to find error under the more lenient standard applicable to determining whether appellant received effective assistance of trial counsel. Clearly, counsel's failure to object to appellant's sentence pursuant to R.C. 2911.02(A)(2), rather than subsection (A)(3), was not the result of any defensible tactical choice. As a result, counsel failed to perform at the level necessary to afford effective assistance during all critical stages of the proceedings. *Gardner v. Florida* (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 ("sentencing is a critical stage of the criminal proceeding at which [the defendant] is entitled to the effective assistance of counsel").

{¶ 37} Having reviewed the record, we find no prejudice to appellant in his remaining claims of ineffective assistance of counsel.

{¶ 38} Accordingly, appellant's third assignment of error is sustained to the extent indicated.

{¶ 39} Judgment affirmed in part, reversed in part, and remanded to the trial court for resentencing.

Judgment affirmed in part
and reversed in part,
and cause remanded.

POWELL, P.J., and BRESSLER, J., concur.