[Cite as *In re R.L.*, 2015-Ohio-4314.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|                          |   |                              |
|--------------------------|---|------------------------------|
| IN THE MATTER OF:        | : |                              |
| R.L.                     | : | CASE NO.  CA2015-04-069      |
|                          | : | O P I N I O N                |
|                          |   | 10/19/2015                   |
|                          | : |                              |
|                          | : |                              |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JC 2014-0589

Liza A. Kotlarsic, 8050 Beckett Center Drive, Suite 130, West Chester, Ohio 45069, for appellant, R.L.

Michael T. Gmoser, Butler County Prosecuting Attorney, Audra R. Adams, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, state of Ohio

**RINGLAND, J.**

{¶ 1}  Defendant-appellant, Robin Lynne Lewis, appeals her conviction in the Butler County Court of Common Pleas, Juvenile Division, for obstructing official business.

{¶ 2}  Lewis was charged with contributing to the unruliness or delinquency of a child in violation of R.C. 2921.31.  It was alleged that Lewis contributed in hiding a 15-year-old female student who was skipping school.  Officers received information that the student may

be with Lewis' son, so they came to Lewis' home and questioned her regarding the student. Lewis denied knowing of the student's whereabouts. The officer left his contact information with Lewis and asked that she call him if she knew of or learned about the student's whereabouts.

{¶ 3} At trial, there was conflicting evidence as to whether Lewis discovered that the student was at her house after the officer left. The trial court found that the state failed to prove beyond a reasonable doubt that Lewis was guilty of contributing to the unruliness or delinquency of a minor. However, the trial court found that Lewis was guilty of obstructing official business in violation of R.C. 2921.31. Lewis had not been charged with that crime prior to the court's finding of guilt.

{¶ 4} Lewis now appeals her conviction, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED OBSTRUCTING OFFICIAL BUSINESS TO BE A LESSER INCLUDED OFFENSE OF CONTRIBUTING TO UNRULINESS OR DELINQUENCY OF A CHILD.

{¶ 7} Lewis argues that obstructing official business is not a lesser included offense of contributing to the unruliness or delinquency of a child, and therefore she could not be convicted of the former where she was charged only with the latter.

{¶ 8} Criminal defendants have a basic constitutional due process right to notice of the offense charged. *State v. Watson*, 154 Ohio App.3d 150, 2003-Ohio-4664, ¶ 17 (8th Dist.), citing *Schmuck v. United States*, 489 U.S. 705, 717-718, 109 S.Ct. 1443 (1989). However, a trier of fact may consider lesser included offenses of a charged offense, and if the offense is a lesser included offense of the charged offense, notice is presumed. R.C. 2945.74; Crim.R. 31(C); *State v. Deem*, 40 Ohio St.3d 205 (1998).

{¶ 9} "An offense may be a lesser-included offense of another if: (1) the offense

- 2 -

carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and, (3) some element of the greater offense is not required to prove the commission of the lesser offense." *State v. Accord*, 12th Dist. Fayette No. CA2005-05-019, 2006-Ohio-2250, ¶ 5, citing *Deem*, paragraph three of the syllabus.

{¶ 10} Lewis acknowledges that the first prong is met as obstructing official business carries a lesser penalty than contributing to the unruliness or delinquency of a child. However, she argues the second prong is not met because contributing to the unruliness or delinquency of a child can be committed without committing obstruction of official business. The state concedes that Lewis is correct in that argument.

{¶ 11} Lewis was charged with contributing to the unruliness or delinquency of a child in violation of R.C. 2919.24, which provides, "[n]o person * * * shall * * * [a]id, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court becoming an unruly child." Lewis was instead found guilty of obstructing official business in violation of R.C. 2921.31, which provides, "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 12} A plain reading of the two offenses makes it clear that contributing to the unruliness or delinquency of a child can be committed without committing obstruction of official business. Thus, the second prong of the *Deem* test is not met and we find that obstructing official business is not a lesser included offense of contributing to the unruliness or delinquency of a child. Accordingly, Lewis' first assignment of error is sustained.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED AS A MATTER OF LAW IN ENTERING A

JUDGMENT OF CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS BECAUSE THE EVIDENCE WAS INSUFFICIENT TO PROVE THE ELEMENTS OF THE OFFENSE.

{¶ 15} Based upon our resolution of Lewis' first assignment of error, her second assignment of error is rendered moot.

{¶ 16} Judgment reversed and Lewis is discharged.

S. POWELL, P.J., and HENDRICKSON, J., concur.