DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the May 3, 2004 judgment of the Lucas County Court of Common Pleas which, following a jury trial, sentenced appellant to a total of 20 years of imprisonment following four rape convictions. Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Appellant's counsel further states that, as required by Anders, he provided appellant with a copy of the appellate brief and request to withdraw as counsel and informed him of his right to file his own brief. Appellant has filed a pro se brief raising assignments of error.
 {¶ 2} Appellant's counsel has set forth the following two proposed assignments of error:
 {¶ 3} "Proposed Assignment of Error No. 1:
 {¶ 4} "In sentencing the appellant, the trial court relied on facts not within the jury verdict or admitted by the defendant, contrary to the United States Supreme Court's rulings in USA v. Booker and Blakely v. Washington.
 {¶ 5} "Proposed Assignment of Error No. 2:
 {¶ 6} "In the imposition of consecutive sentences, the trial court relied on facts not within the jury verdict or admitted by the defendant, contrary to the United States Supreme Court's ruling in USA v. Booker and Blakely v. Washington."
 {¶ 7} Appellant, pro se, has submitted the following four assignments of error:
 {¶ 8} "I. The trial court abused its discretion in refusing to sever the counts in the indictment where appellant showed actual prejudice in the pre-trial motion hearing, violating appellant's right to a fair trial and due process of law.
 {¶ 9} "II. Appellant was deprived of the effective assistance of counsel where counsel failed to adequately research, prepare and investigate for trial, and failed to make proper objections, in violation of the Sixth and Fourteenth Amendments.
 {¶ 10} "III. Appellant was deprived of due process of law by the misconduct of the prosecutor in refusing to comply with discovery requirements.
 {¶ 11} "IV. Appellant was deprived of due process of law by the requirement to proceed pro se on appeal and the denial of any access to the transcript to prepare his merit brief."
 {¶ 12} A brief recitation of the facts is as follows. On October 10, 2003, appellant was charged with four counts of rape, in violation of R.C. 2907.02(A)(2) and (B). The charges stemmed from two separate incidents, occurring on September 28 and October 2, 2003, with different victims. On October 17, 2003, appellant entered a not guilty plea.
 {¶ 13} On February 18, 2004, appellant filed a motion to sever arguing that because the alleged victims differ between Counts 1 and 2 and Counts 3 and 4, appellant would be unduly prejudiced if the counts were jointly tried. The state opposed the motion and, on March 9, 2004, it was denied.
 {¶ 14} On March 22, 2004, the case proceeded to a jury trial and appellant was convicted on all counts. On May 3, 2004, appellant was sentenced to the maximum sentence of ten years for each offense, Counts 1 and 2 were ordered to be served concurrent to each other and Counts 3 and 4 were ordered to be served concurrent to each other. Counts 1 and 2 were ordered to be served consecutively to Counts 3 and 4. Appellant was also determined to be a sexual predator. This appeal followed.
 {¶ 15} In counsel's first and second potential assignment of error he contends that, based upon the United States Supreme Court's decisions in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 and Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the trial court erred when it imposed maximum consecutive sentences based on findings not made by the jury. Appellant's counsel then states that the assignments of error lack merit due to this court's finding that Blakely does not apply to Ohio's felony sentencing scheme.
 {¶ 16} After appellant's counsel filed his Anders brief, the Supreme Court of Ohio, in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, applied Blakely to Ohio's felony sentencing scheme and severed, inter alia, R.C. 2929.14(B) and (C) and2929.19(B)(2) (required judicial findings prior to the imposition of a maximum sentence) and R.C. 2929.14(E)(4) and 2929.41(A) (required judicial factfinding prior to the imposition of consecutive sentences.) The Foster court further provided that its decision applied to all cases pending on direct review and that the remedy was to vacate the sentence and remand the case for resentencing without reliance on the severed statutory provisions. Id. at ¶ 103-104.
 {¶ 17} In the present case, at the April 28, 2004 sentencing hearing and in its May 3, 2004 judgment entry, the trial court found that appellant committed the worst form of the offense (R.C. 2929.14(C)) and that consecutive sentences were necessary to protect the public and punish the offender and were not disproportionate to the seriousness of appellant's conduct (R.C.2929.14(E)). Accordingly, because the trial court relied on portions of the sentencing statutes that Foster held were unconstitutional, counsel's first and second potential assignments of error have merit and are well-taken.
 {¶ 18} We now turn to the assignments of error set forth in appellant's pro se brief. In his first assignment of error, appellant contends that the trial court erred when it denied his motion to sever Counts 1 and 2, involving "victim A," from Counts 3 and 4, involving "victim B".
 {¶ 19} Crim.R. 8(A) provides, in part: "Two or more offenses may be charged in the same indictment * * * if the offenses charged, * * * are of the same or similar character * * *." Although joinder is liberally permitted, if the consolidation of charges unfairly prejudices a defendant, he or she may move for severance. Crim.R. 14. The determination of whether to sever charges properly joined is within the trial court's discretion.State v. Schaim, 65 Ohio St.3d 51, 59, 1992-Ohio-31.
 {¶ 20} Appellant contends that he was prejudiced by the joinder because the charges were unrelated and, had the offenses been separately tried, evidence of the victim A rape would have been inadmissible in the trial of the victim B rape and vice versa. We disagree. The facts surrounding each victim's rapes were strikingly similar and joinder of the claims appropriate to show a "a common scheme or plan." Crim.R. 8(A). Appellant coerced each individual to smoke crack cocaine; appellant then drove them to the same abandoned apartment building to commit the rapes. The victims were threatened, either physically or by threats of harm. Most importantly, the victims did not know each other, and had never spoken to one another in order to align their stories. These facts directly undermine appellant's assertion that the sexual acts were consensual and that the victims' testimony was not credible. See State v. Barnhart, 6th Dist. No. H-02-046, 2003-Ohio-4859. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 21} In appellant's second assignment of error he contends that he was deprived of the effective assistance of counsel where counsel failed to adequately investigate and prepare for trial and failed to make proper objections. Specifically, appellant contends that his counsel failed to obtain DNA results from blood evidence at the alleged crime scene, failed to object to photographs which allegedly depicted victim B's injuries, and failed to raise an objection regarding the state's alleged failure to comply with discovery requests.
 {¶ 22} The standard for determining whether a trial attorney was ineffective requires appellant to show: 1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and 2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984),466 U.S. 668, 686-687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v. Hamblin
(1988), 37 Ohio St.3d 153, 155-56. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips,74 Ohio St.3d 72, 85, 1995-Ohio-171. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners. Strickland, supra at 689;State v. Keenan, 81 Ohio St.3d 133, 152, 1998-Ohio-459.
 {¶ 23} Regarding the DNA sample, appellant states that the evidence would have been used to discredit victim B's testimony. Upon review, we fail to see how such evidence would be beneficial because appellant acknowledged that victim B was bleeding and that he, in fact, gave him something to hold on his face to stop the bleeding. Appellant's contention was merely that victim B had the injuries prior to their encounter.
 {¶ 24} Regarding the photographs, appellant argues that because victim B testified that he took a two hour shower after the incident, the photographs must be inaccurate due to the amount of blood on his face. We note that upon review of the testimony, victim B stated that he took the photographs prior to taking a bath, not a shower. No other evidence was presented that would discredit the authenticity of the photographs.
 {¶ 25} Finally, appellant argues that his trial counsel was ineffective by failing to raise an objection regarding the state's failure to furnish "DNA reports" of the blood evidence found at the crime scene. At trial, Toledo Police Detective Harold Mosley testified that he did not send a sample of the blood-stained carpet for DNA testing.
 {¶ 26} Based on the foregoing, we find that appellant's counsel did not fail to investigate[1] or prepare for trial and, thus, appellant was not deprived of the effective assistance of counsel. Appellant's second assignment of error is not well-taken.
 {¶ 27} In appellant's third assignment of error he contends that the state improperly refused to comply with a request for the DNA reports of the blood evidence found at the alleged crime scene. As set forth above, the state did not send the blood samples for DNA testing. Accordingly, we find that appellant's third assignment of error is not well-taken.
 {¶ 28} In appellant's fourth and final assignment of error he argues that this court erroneously refused to provide him access to a transcript of the proceedings in order to prepare his appellate brief. This court reviews only errors committed in the trial court. Had appellant wished to pursue his request for a transcript he could have filed an original action. Accordingly, because this assignment of error is not properly before us, we must find that it is not well-taken. Appellant's fourth assignment of error is not well-taken.
 {¶ 29} Upon our own independent review of the record, we find no other meritorious grounds for appeal. We recognize that pursuant to Anders, if we find any of the legal points presented by appellate counsel arguable on their merits we are to afford appellant's new counsel the opportunity to argue the appeal. However, because appellant's sentence is clearly contrary to law pursuant to Foster, supra, we find that justice requires an immediate remand to the trial court for resentencing. Moreover, given that appellate counsel's first and second potential assignments of error became meritorious after counsel filed his Anders brief, we must deny counsel's motion to withdraw and find the potential assignments of error well-taken.
 {¶ 30} On consideration whereof, we find that the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. Appellant's sentence is hereby vacated and the common pleas court is instructed to appoint new counsel for the limited purpose of resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, J. concur.
[1] We further note that appellant's counsel requested and received state funds to hire an investigator to aid in the preparation of appellant's case.