DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of intimidation in violation of R.C. 2921.03(A) (B) and imposed a prison sentence of one year. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth three assignments of error:
 {¶ 3} "I. The trial court erred because the conviction was against the manifest weight of the evidence.
 {¶ 4} "II. The sentence imposed by the trial court is in violation of Ohio Revised Code Section 2953.08.
 {¶ 5} "III. The case should be remanded on appeal because the appellate [sic] had ineffective assistance of counsel."
 {¶ 6} On April 20, 2005, appellant was indicted on one count of intimidation following an incident on April 16, 2005, at the Lucas County Corrections Center, where appellant was an inmate. Appellant was charged with threatening to harm a deputy sheriff after being ordered back into his module which he had left without permission. Appellant waived his right to trial by jury and the matter was tried to the court. On August 4, 2005, the trial court found appellant guilty and on August 23, 2005, sentenced him to one year in prison.
 {¶ 7} In his first assignment of error, appellant asserts his conviction was against the manifest weight of the evidence. In support, appellant argues there was insufficient evidence that: (1) the victim, a deputy sheriff, was on duty at the time of the offense; (2) appellant actually threatened the victim, and (3) appellant had the intent to inhibit future activity as required by the statute.
 {¶ 8} In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 9} R.C. 2921.03(A) states: "No person, knowingly and by force, [or] by unlawful threat of harm to any person or property, * * * shall attempt to influence, intimidate, or hinder a public servant * * * in the discharge of the person's duty."
 {¶ 10} Appellant first asserts that Deputy Tipton did not follow the rules of the Sheriff's Office in handling the situation and therefore was not "discharging his duty." Appellant argues that Deputy Tipton violated policy regarding the use of non-deadly force when he attempted to handle the situation without a supervisor present.
 {¶ 11} Appellant claims there should have been a supervisor present before the deputy pushed him back into his cell. At trial, defense counsel referred to the Lucas County Sheriff's Office "policy and procedures" regardi ng the use of non-lethal force. The policy states that a "show of force" may be used when a shift commander or floor supervisor is present at the scene and back-up is called. Deputy Tipton testified that before he used force against appellant he called for back-up. He further stated that the floor supervisor was present in the control booth and observing the situation. The policy further requires the shift commander or floor supervisor to take control of the situation. Deputy Tipton testified that neither individual took control of the situation before he pushed appellant into his cell. It appears from the record that the situation did not escalate to the point where it was necessary for a commander or supervisor to step in and take control.
 {¶ 12} Based on the foregoing, appellant has not provided this court with any authority in support of his claim that Deputy Tipton was not "on duty" throughout the incident. This argument is without merit.
 {¶ 13} Appellant next argues that the only evidence that he threatened Deputy Tipton was the deputy's own testimony and the deputy was not credible. Deputy Tipton testified at length regarding the incident. According to his testimony, appellant initially made physical contact with him — "bumped chests" — and walked past him out of his module without permission after the deputy told him not to. Appellant refused to return to his module and told the deputy he was going to "cap your ass," which is slang for shooting someone. Deputy Tipton then pushed appellant into his module. He testified that appellant repeated the same threat over and over, saying "You're going to get yours when I get out. I'm going to be waiting for you in the parking lot. I'm going to cap your ass." The deputy stated that he took appellant's words as a "credible threat."
 {¶ 14} As this court has consistently affirmed, the trier of fact is vested with the discretion to weigh and evaluate the credibility of conflicting evidence in reaching its determination. It is not within the scope of the appellate court's responsibility to judge witness credibility. State v.Hill, 6th Dist. No. OT-04-035, 2005-Ohio-5028, at ¶ 42. The trier of fact in this case found Deputy Tipton's testimony to be credible and this court will not second-guess that determination. Further, the state presented the testimony of Deputy Hayden, who stated he heard appellant's repeated threats toward Deputy Tipton. Based on the foregoing, this argument is wholly without merit.
 {¶ 15} Finally, in support of his claim that the conviction was against the weight of the evidence appellant asserts there was no evidence of an intent to "inhibit future activity." R.C.2921.03(A) prohibits the use of a threat in an attempt to influence, intimidate or hinder a public servant in the discharge of his duty. Appellant's words, distinctly heard and repeated in court by the victim and one other deputy, clearly indicate an attempt to intimidate the deputy and interfere with how he discharged his duty in the future. This argument has no merit.
 {¶ 16} The trial court in this case weighed the state's evidence and assessed the witnesses' credibility in determining whether appellant committed the offense. After reviewing all the evidence in this case, we cannot say that the trier of fact lost its way and created a manifest miscarriage of justice by finding appellant guilty of intimidation. Appellant's first assignment of error is not well-taken.
 {¶ 17} In his second assignment of error, appellant asserts his sentence is in violation of R.C. 2953.08. In support, appellant notes that one of the grounds on which a defendant may appeal a sentence is that the sentence is contrary to law. This court cannot fathom, and appellant does not indicate, how it would be possible for a sentencing court to "violate" that statute. This argument has no merit and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 18} In his third assignment of error, appellant asserts he was denied effective assistance of counsel because his attorney advised him to waive his right to a jury trial. Appellant argues he was prejudiced thereby because the judge "became both the trier of fact and trier of law."
 {¶ 19} To prevail on a claim of ineffective assistance of counsel, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin
(1988), 37 Ohio St.3d 153.
 {¶ 20} Whether or not to waive jury is a matter of trial strategy. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips, 74 Ohio St.3d 72, 85, 1995-Ohio-171. Even if the wisdom of an approach is questionable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners. Strickland,
supra at 689; State v. Keenan, 81 Ohio St.3d 133, 152,1998-Ohio-459.
 {¶ 21} Appellant has failed to show that trial counsel's performance was deficient or that he was prejudiced because his case was tried to the court. We therefore find that appellant was not denied effective assistance of counsel and, accordingly, his third assignment of error is not well-taken.
 {¶ 22} On consideration whereof, this court finds that appellant was not prejudiced or denied a fair trial. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Parish, J., Pietrykowski, J., concur.