DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas, entered on August 21, 2007, which denied the petition for postconviction relief filed by appellant, Elissa A. Schuster, pursuant to R.C. 2953.21 et. seq. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} On October 7, 2004, appellant was indicted on three counts: Count 1, pandering obscenity involving a minor in violation of R.C. 2907.321(A)(2), a felony of *Page 2 
the second degree; Count 2, illegal use of a minor in nudity oriented material, in violation of R.C. 2907.323(A)(2) and (B), a felony of the second degree; and Count 3, rape, in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree. A trial by jury was held and appellant was found guilty of all counts on July 28, 2005. Appellant was sentenced on October 27, 2005, to four years in prison for Count 1, four years in prison for Count 2, and life in prison with parole eligibility after the service of ten years in prison for Count 3. The sentences were ordered to be served consecutively.
 {¶ 3} Appellant filed a notice of appeal on November 22, 2005, directly appealing her conviction to the Sixth District Court of Appeals. This court affirmed all issues raised on appeal except sentencing, for which the case was remanded to the Lucas County Court of Common Pleas for re-sentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. State v. Schuster, 6th Dist. No. L-05-1365,2007-Ohio-3463. While appellant raised an issue of ineffective assistance of counsel in her direct appeal, the issue in this matter was not raised as it concerns matters dehors the record. Appellant filed this petition, and supporting affidavits in support, on December 7, 2006. The trial court held an evidentiary hearing regarding the alleged juror misconduct raised by the petition. On August 21, 2007, upon conclusion of the hearing, the trial court denied the petition and granted judgment for the state.
 {¶ 4} Appellant timely appealed the trial court's decision and raises the following sole assignment of error: *Page 3 
 {¶ 5} "Defendant-Appellant received ineffective assistance of counsel in violation of her rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § 10 of the Constitution of the State of Ohio when her trial counsel failed to bring acknowledged reports of jury misconduct immediately to the attention of the trial judge."
 {¶ 6} The following relevant facts were adduced from the record. Appellant filed a petition for postconviction relief alleging juror misconduct and ineffective assistance of counsel. In the petition, appellant relied on the affidavit of Denise Lopez, who was called as a potential juror in appellant's trial. During voir dire, potential jurors were questioned individually in closed chambers, during which Lopez stated that she had a relationship with appellant's mother, Diane Piotrowski.[1] Lopez went through the entire voir dire process; however, the state exercised a preemptory challenge and she was dismissed on July 25, 2005, immediately before trial began that afternoon.
 {¶ 7} At the evidentiary hearing, Lopez testified that, during voir dire, two inappropriate statements were made by other potential jurors, and jurors were discussing facts of the case and expressing personal opinions regarding the case. Specifically, Lopez stated that a male juror asked her how she knew appellant's mother and then later said, "Why is it taking so long? They already know she is guilty." According to Lopez, when she heard the jurors discussing the case, she reminded them of the trial court's *Page 4 
instruction not to discuss the case. Lopez testified that, on the evening of July 25, 2005, she called Piotrowski to make her aware of the jurors' statements.
 {¶ 8} During cross-examination, however, Lopez could not explain how any juror would have had knowledge of her relationship with Piotrowski. Lopez was also unable to identify the juror or jurors who made the alleged statements and, contrary to her affidavit, Lopez did not know whether any seated juror had made the alleged statements. Additionally, although each potential and seated juror was examined by the trial court, no one recognized Lopez. Lopez testified to remembering the court's instructions to report any improper behavior during voir dire; however, Lopez never informed the court or its staff of the alleged behavior at any time during the trial proceedings.
 {¶ 9} Piotrowski testified that Lopez told her about the inappropriate juror comments on July 25, 2005, and that she informed appellant's counsel, Frank Policelli and John McMahon, that evening of the alleged misconduct. According to Piotrowski, she repeatedly contacted counsel about this subject and was assured by counsel not to worry. However, Piotrowski never informed the court of the allegations prior to the verdict being rendered.
 {¶ 10} Appellant also testified that she contacted her attorneys regarding the alleged statements in the evening of July 25, 2005, following the first day of trial, and brought up the issue again a few times, prior to the conclusion of trial, but was told that it was under control. After the verdict, but prior to sentencing, appellant wrote a letter to the court expressing her side of the story and her opinion that she had received a biased *Page 5 
trial due to extensive media coverage. The letter did not mention any allegations of misconduct by the jury. Also, at no time during the trial did appellant alert the trial court of the allegedly inappropriate statements.
 {¶ 11} Appellant's trial counsel both testified that they were informed of the allegations, but neither could state exactly when he was told. Although unsure of exactly when he was told of the allegations, McMahon testified that he was not told by Piotrowski on July 25, 2005, because, had he been informed during trial, he would have brought it to the court's attention at that time. Following trial, McMahon received a letter, dated August 25, 2005, from appellant's parents. The letter, which highlighted the alleged inappropriate statements, was a plea to friends and families to write character letters on behalf of appellant for the court's review prior to sentencing. Upon receiving the letter, McMahon testified that he was not surprised to read about the allegations. McMahon stated that he, therefore, was made aware of the inappropriate conduct sometime between the jury verdict on July 28, 2005, and his receipt of the August 25, 2005 letter. Acting on instructions from Policelli, McMahon testified that, once he was aware of the alleged comments, he sent letters to two jurors requesting information; however, neither juror responded. According to McMahon, the letters were sent out after trial, but before sentencing. Thereafter, the case was concluded and other counsel was retained to represent appellant for purposes of appeal.
 {¶ 12} Policelli also testified to having no record in his trial notes of the allegations until after the verdict was read. In his post-trial notes, dated August 12, 2005, *Page 6 
Policelli noted that he should discuss allegations with McMahon and secure an affidavit from Lopez. Based on that notation, Policelli stated that he must have been made aware of the allegations sometime following the jury verdict, and on or before August 12, 2005. Expressly denying appellant's testimony, Policelli testified that he was not informed of the allegations on the first day of trial. He also testified that had he been made aware during jury selection or trial, he would have immediately brought such allegations to the court's attention, explored the allegations further, and filed a motion for mistrial if warranted. However, after being informed of the allegations, Policelli testified that he attempted to find Lopez to follow up regarding the allegations, but received no response. Without a phone number, Policelli stated that counsel was incapable of investigating the allegations further. Due to the unresponsiveness of Lopez and the two other jurors, Policelli testified that he and McMahon were unable to pursue any post-trial motions including a motion for a new trial. Specifically, when questioned why he never brought the allegation to the trial court's attention, Policelli stated:
 {¶ 13} "I never had the allegation before the trial was over. And then when I did hear of the allegation, we investigated it. I'm not going to bring a motion alleging jury misconduct until I contact the juror and get an affidavit from the jurors stating exactly what happened."
 {¶ 14} After investigating the juror misconduct allegations in the evidentiary hearing, the trial court denied the petition for the following reasons. The trial court found that Lopez, the only known witness to the alleged misconduct, was not credible. In *Page 7 
particular, the trial court held that during the evidentiary hearing, Lopez admitted to making inaccurate statements in her affidavit; was unable to identify the juror(s) who made the alleged statements; and violated court instructions not to discuss the case, both during voir dire and the evidentiary hearing. The trial court also determined that Lopez was biased due to her personal relationship with Piotrowski. The trial court concluded that the credible evidence produced during the hearing did not establish juror misconduct. All of the seated and potential jurors testified that they did not make, or have knowledge or recollection of, any of the alleged comments testified to by Lopez. Further, the trial court found no credible evidence to support the claim that jurors discussed the case among themselves during voir dire. There was evidence to show that an alternate juror had responded to another juror's question, while court, counsel, and appellant were in chambers; however, the trial court found this did not establish juror misconduct.
 {¶ 15} Consequently, the trial court found that no credible evidence was presented as to appellant's claims of ineffective assistance of counsel. Assuming arguendo that there was evidence of juror misconduct, the trial court found that the credible evidence showed that appellant's trial counsel was not made aware of the allegations until the conclusion of trial and that, once informed, took reasonable actions to investigate. The trial court held that without evidence to support the allegations, trial counsel was unable to file a motion for a new trial or any other postconviction motion. Finally, the trial court determined that, even if counsel had done everything that appellant asserts should have been done, there is no credible evidence that any misconduct would have been *Page 8 
uncovered. As such, the trial court held that no prejudice to appellant arose from counsel's actions or omissions, no infringement or denial of appellant's rights occurred, and denied appellant's petition.
 {¶ 16} On appeal, appellant argues that she received ineffective assistance of counsel in violation of her Sixth Amendment right. Specifically, appellant alleges that her defense counsel did not take adequate action when notified of potential juror misconduct. Appellant argues that her defense counsel's failure to alert the trial court of the reports of alleged misconduct was "overwhelmingly inept, substandard and deficient." Further, appellant asserted that, because the evidentiary hearing was held 20 months following the verdict, the recollections of the witnesses were diminished. Due to this alleged ineffective assistance, appellant requests that all three counts of her conviction be reversed, sentences vacated, and that her case be remanded for a new trial.
 {¶ 17} Pursuant to R.C. 2953.21, an appellant is entitled to file a petition for postconviction relief if she has been convicted of a criminal offense and has a claim for a denial or infringement of her rights "as to render the judgment void or voidable under the Ohio Constitution or Constitution of the United States." R.C. 2953.21(A)(1)(a). If an evidentiary hearing is held in response to the petition, a trial court is the trier of fact. State v. Williams (Dec. 24, 1998), 11th Dist. No. 97-T-0148. As the trier of fact, the trial court has the responsibility of considering the weight of the evidence and the credibility of the witnesses. Id. In general, due deference should be given by the reviewing court to the trial court's findings of fact as, "the trial judge is best able to view the witnesses and *Page 9 
observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Seasons Coal Co., Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77,80.
 {¶ 18} Under the Sixth Amendment, an accused has the right to the assistance of counsel. The right to assistance of counsel is the right to effective assistance of counsel. McMann v. Richardson (1970),397 U.S. 759, 771. In determining ineffective assistance of counsel, the two prong test in Strickland v. Washington (1984), 466 U.S. 668, 687 is implemented:
 {¶ 19} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."
 {¶ 20} Both prongs of the Strickland test must be met for an appellate court to deem trial counsel ineffective. Id. The court considers whether the assistance was reasonable under all the circumstances. Id. at 688. The appellant has the burden of proof in showing that her defense was prejudiced by counsel's actions or omissions. State v. Bradley (1989)42 Ohio St.3d 136, 142. To show prejudice, the appellant must prove that *Page 10 
"there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at 143. "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Strickland at 694.
 {¶ 21} Upon thorough review of the record, we find that appellant failed to establish her claim of ineffective assistance of trial counsel. The record supports the finding of the trial court that counsel's representation was not deficient. The credible evidence produced establishes that counsel was not informed during the course of the trial of the alleged misconduct. Once alerted to the issue, the evidence establishes that counsel took reasonable efforts to pursue the allegations in an attempt to collect evidence to support a post-trial motion. Since counsel was unable to obtain affidavits, or other supporting testimony, from the juror(s) involved, it was reasonable that no post-trial motions, including a motion for new trial, was filed by appellant's trial counsel.
 {¶ 22} We further find that appellant failed to establish that, even if counsel's performance was deficient, she was prejudiced by counsel's alleged deficiencies. Appellant argues that she was denied the effective assistance of trial counsel, but does not ask this court to review the trial court's finding that no juror misconduct was established in this case. In the absence of juror misconduct, appellant cannot establish that she was prejudiced by trial counsel's alleged deficiencies with respect to bringing the matter to the trial court's attention at an earlier date.
 {¶ 23} Accordingly, we find that appellant failed to establish that she was denied the effective assistance of trial counsel. Appellant's sole assignment of error is therefore *Page 11 
found not well-taken. As such, we affirm the trial court's denial of appellant's petition for postconviction relief. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR.
[1] Lopez and Piotrowski previously worked together and continued to maintain a friendship. *Page 1